*289 MEMORANDUM *
Erick Rolando Montes appeals the district court’s denial of his motion to suppress evidence and statements obtained diming a stop and frisk conducted by Los Angeles Police Department Officer Eric Hurd. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
Considering the totality of the circumstances, the district court correctly concluded that the investigatory stop was proper because Officer Hurd had a reasonable suspicion that Montes was engaged in criminal activity. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The district court also correctly determined that the frisk was justified to protect the officers’ personal safety. See id. at 24, 88 S.Ct. 1868. When Officer Hurd stopped and frisked Montes that evening, he knew that (1) minutes before the stop, officers had observed Montes, a known Toonerville gang member, driving a van in which a fellow gang member, who was wanted on a no-bail arrest warrant for murder and a parole violation, was a passenger; (2) Montes was walking along the driveway of a known gang hang-out; (3) Toonerville gang members had previously ambushed police officers in the same location; (4) the van Montes was driving had been parked at the end of a long driveway adjacent to the gang hang-out in a manner that could suggest it was being hidden; and (5) although Montes was accompanied by another, unidentified person at the time of the stop, the murder suspect with whom he had been driving minutes earlier was nowhere to be seen, and the officers could reasonably suspect he remained in the vicinity, creating a concern for officer safety. Under these circumstances, the stop and frisk was justified.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.